IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| SUZANNE GERLACH, | No. 87344-0-I |
| Appellant, | |
| v. | |
| BAINBRIDGE ISLAND SCHOOL DISTRICT #303, a municipal corporation, | UNPUBLISHED OPINION |
| Respondent. | |

BOWMAN, A.C.J. — Suzanne Gerlach sued Bainbridge Island School District No. 303 (BISD), alleging violations of the Public Records Act (PRA), chapter 42.56 RCW. Gerlach argues that the trial court erred in granting BISD's motion to dismiss her complaint under CR 12(b)(6) and denying her motion for an order to show cause. Gerlach also challenges the trial court's rulings on discovery matters, raises claims of judicial bias, and seeks an award of attorney fees, costs, penalties, and sanctions. Because we conclude that the court should not have dismissed Gerlach's complaint under CR 12(b)(6), we reverse the order of dismissal and remand for further proceedings consistent with this opinion.

FACTS

From March 2021 through January 2023, Gerlach, via her attorney Marcus Gerlach,[1] filed a series of public records requests to BISD, seeking records relating to the alleged harassment and defamation of Gerlach's son by several students when he was a student at Bainbridge High School from 2017 to 2021.[2]

On August 10, 2023, Gerlach filed a complaint in Kitsap County Superior Court, alleging that BISD violated the PRA by failing to provide records "in a timely manner." BISD twice moved for a more definite statement. In support of its motion, BISD attached the October 6, 2023 declaration of BISD's public records officer Angela Sawyer. Sawyer stated that since March 2021, Attorney Gerlach had filed 15 records requests with 137 subparts. Of those 15 records requests, BISD fulfilled and closed 11, providing around 48,228 pages of records to date. Sawyer acknowledged that of the 4 requests that remained open, there were 21 subparts "that have not yet begun to be fulfilled."

Sawyer stated that Gerlach's complaint "is written in a way that I cannot determine whether [she] has included all the records for which there is concern or if the vaguely described records are just a sampling of the records [she] is taking issue with." Sawyer said that "more information is needed" so that BISD can "identify records referenced in the Complaint with certainty." Gerlach

---

[1] Because of shared surnames, we refer to Suzanne Gerlach as "Gerlach" and to Marcus Gerlach as "Attorney Gerlach."

[2] The events that gave rise to the public records requests at issue in this case are known to the parties and will be mentioned here only when necessary to explain our analysis. *See M.G. v. Bainbridge Island Sch. Dist.*, No. 58383-6-II, slip op. at 1-3 (Wash. Ct. App. July 16, 2024) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2058383-6-II%20Unpublished%20Opinion.pdf.

opposed the motion and Attorney Gerlach filed a declaration in support of the opposition. The trial court deferred ruling pending receipt of the four outstanding records requests.[3]

Meanwhile, Gerlach commenced discovery. Attorney Gerlach deposed BISD employee Sara Berger in August 2023 and BISD Superintendent Peter Bang-Knudsen in June 2024 but was unsatisfied with their responses. He noted the deposition of BISD teacher Charisa Moore in July 2024 but scheduling difficulties ensued and he decided to cancel it.

On July 26, 2024, Gerlach noted a CR 30(b)(6) deposition of BISD's "person(s) most knowledgeable" for August 16, 2024. The notice directed BISD to produce "one or more agents, officers or other persons" to answer 13 questions related to the alleged harassment and bullying of Gerlach's son. That same day, BISD moved to quash the notice of deposition and for a protective order. Gerlach opposed the motion and sought sanctions against BISD. Gerlach also revised and renoted her notice of deposition.

The hearing on the motion to quash and the deposition were both scheduled to take place at 9:00 a.m. on August 23, 2024. So, Gerlach moved to compel BISD to attend the CR 30(b)(6) deposition and sought sanctions. On August 19, 2024, the court denied Gerlach's motion to compel and struck the August 23, 2024 deposition pending the outcome of BISD's motion to quash. The court later denied Gerlach's motion for reconsideration.

---

[3] As far as we can discern from the record before us, the court never ruled on the motion.

Following a hearing on August 23, 2024, the trial court orally granted BISD's motion to quash Gerlach's CR 30(b)(6) notice of deposition, ruling that it was "unreasonable, cumulative, and seemingly burdensome and not in good faith" because it did not identify a PRA violation. As for BISD's motion for a protective order, the court expressly declined to bar future depositions but ruled that any future deposition notice must establish that the questions are "related to [Gerlach's] PRA violation claim."

BISD then moved to dismiss Gerlach's complaint under CR 12(b)(6) and supported its motion with a second declaration from BISD public records officer Sawyer. Sawyer discussed factors impacting BISD's response times and stated that BISD had been regularly providing records installments to Gerlach every 30 to 45 days. BISD also sought an award of sanctions against Gerlach under CR 11. Gerlach opposed the motion to dismiss, sought sanctions against BISD, and moved for an order to show cause, seeking to compel production within 5 days of all records requested in 2021. On October 7, 2024, the trial court granted BISD's CR 12(b)(6) motion to dismiss, denied the petition to show cause, and denied both parties' requests for sanctions. The trial court denied Gerlach's motion for reconsideration.

On October 18, 2024—almost two months after the court orally ruled on BISD's motion to quash and for a protective order—the trial court entered a written order granting the motion to quash, specifying that Gerlach "may notice further depositions, including under CR 30(b)(6); provided, however, that any

4

further depositions noticed by plaintiff shall be limited to the subject of violations of the [PRA] as alleged in this matter."

Gerlach appeals.[4]

ANALYSIS

Gerlach asserts 18 assignments of error, which we have grouped into these categories: (1) the trial court's order dismissing Gerlach's complaint and denying her motion to show cause, (2) rulings affecting discovery, (3) issues regarding judicial bias and qualifications, and (4) Gerlach's request for an award of fees and sanctions on appeal. We address each category in turn.[5]

1. Dismissal under CR 12(b)(6)

Gerlach argues that the superior court erred in granting BISD's CR 12(b)(6) motion to dismiss her complaint, denying her motion for an order to show cause, and denying her request for sanctions.[6] She contends that the

---

[4] Gerlach filed several motions in this court, seeking to transfer this case to Division Three based on allegations of malice, bias, prejudice, and partiality in this division's management of her appeal. On September 24, 2025, a commissioner of this court referred Gerlach's motions to the panel assigned to decide the merits of this appeal. We deny the motions to transfer.

[5] We note that Gerlach chose not to provide this court with substantial portions of the trial court record; most notably, BISD's motions. "The appellant bears the burden of perfecting the record on appeal so as to ensure that the reviewing court is apprised of all necessary evidence to decide the issues presented." *Tacoma S. Hosp., LLC v. Nat'l Gen. Ins. Co.*, 19 Wn. App. 2d 210, 220, 494 P.3d 450 (2021); *see* RAP 9.6. Although these omissions hampered our review, we have determined that the record before us is sufficient to reach the merits of the issues raised on appeal except when noted throughout the opinion.

[6] Gerlach also asserts that the trial court erred by considering BISD's unconfirmed motion to dismiss before Gerlach's confirmed motion to show cause. But the court explained its reasoning on the record, and Attorney Gerlach agreed to "proceed."

complaint adequately stated a claim for violating the PRA under Washington's generous notice pleading standards. We agree the court erred by dismissing Gerlach's complaint under CR 12(b)(6).[7]

Under CR 12(b)(6), a defendant may move to dismiss a complaint for the plaintiff's "failure to state a claim upon which relief can be granted." Courts should dismiss a complaint under CR 12(b)(6) "sparingly, with care, and only in the unusual case in which the plaintiff's allegations show on the face of the complaint an insuperable bar to relief." *Feyen v. Spokane Teachers Credit Union*, 23 Wn. App. 2d 264, 274, 515 P.3d 996 (2022) (citing *Tenore v. AT & T Wireless Servs.*, 136 Wn.2d 322, 330, 962 P.2d 104 (1998)).

"Dismissal is proper if, accepting all factual allegations as true, 'it appears beyond doubt that the plaintiff can prove no set of facts, consistent with the complaint, which would entitle the plaintiff to relief.' " *Becker v. Cmty. Health Sys., Inc.,* 182 Wn. App. 935, 941, 332 P.3d 1085 (2014) (quoting *Corrigal v. Ball*

---

[7] Below, both Gerlach and BISD attached documents not included in the original complaint for the trial court to consider in ruling on BISD's CR 12(b)(6) motion to dismiss, including content not specifically alleged in the pleadings. Such submissions generally convert a CR 12(b)(6) motion into a summary judgment motion under CR 56(c). *McAfee v. Select Portfolio Servicing, Inc.*, 193 Wn. App. 220, 226, 370 P.3d 25 (2016); *Highline Sch. Dist. No. 401 v. Port of Seattle*, 87 Wn.2d 6, 15, 548 P.2d 1085 (1976); CR 12(c). Here, the order of dismissal indicates that the trial court considered these submissions before dismissing the complaint under CR 12(b)(6). But CR 12(b) expressly conditions the conversion of a CR 12(b)(6) motion on the requirement that all parties "be given reasonable opportunity to present all material" pertinent to a motion for summary judgment. *See Boudreaux v. Weyerhaeuser Co.*, 10 Wn. App. 2d 289, 315 n.16, 448 P.3d 121 (2019) (declining to consider evidence beyond the pleadings where defendant successfully moved to stay discovery). Here, the written order granting BISD's motion to quash and for a protective order—which the court entered more than a week after the order of dismissal—expressly states that Gerlach "may notice further depositions." On this record, we cannot conclusively determine whether Gerlach had an adequate opportunity to conduct discovery, so we decline to apply the summary judgment standard here.

*& Dodd Funeral Home, Inc.*, 89 Wn.2d 959, 961, 577 P.2d 580 (1978)), *aff'd*, 184 Wn.2d 252, 359 P.3d 746 (2015). But "if the complaint conceivably alleges some hypothetical situation, including facts argued for the first time on appeal, that if proved would be legally sufficient to justify relief for the plaintiff," dismissal under CR 12(b)(6) is not appropriate. *Mellon v. Reg'l Tr. Servs. Corp.*, 182 Wn. App. 476, 487, 334 P.3d 1120 (2014) (citing *Halvorson v. Dahl*, 89 Wn.2d 673, 674-75, 574 P.2d 1190 (1978)). We review orders on CR 12(b)(6) motions de novo. *Trujillo v. Nw. Tr. Servs., Inc.*, 183 Wn.2d 820, 830, 355 P.3d 1100 (2015).

BISD argues that Gerlach failed to state a claim on which the court could grant relief because her complaint failed to expressly identify the requested records at issue. Accordingly, the propriety of the trial court's order of dismissal "must be tested" in light of CR 8(a), which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for judgment for the relief to which the pleader deems the pleader is entitled." *Orwick v. City of Seattle*, 103 Wn.2d 249, 254, 692 P.2d 793 (1984); *Haberman v. Wash. Pub. Power Supply Sys.*, 109 Wn.2d 107, 120, 744 P.2d 1032 (1987) (reading CR 12(b)(6) together with CR 8(a)(1)).

We construe a complaint liberally so as to do substantial justice. CR 8(f); *State v. LG Elecs., Inc.*, 186 Wn.2d 169, 183, 375 P.3d 1035 (2016) ("Our liberal notice pleading rules are intended 'to facilitate the full airing of claims having a legal basis.' ") (quoting *Berge v. Gorton*, 88 Wn.2d 756, 759, 567 P.2d 187 (1977)). A complaint "should adequately alert the defendant of the claim's general nature" and "is insufficient if it does not give the defendant 'fair notice of

7

what the claim is and the ground upon which it rests.' " *Est. of Dormaier v. Columbia Basin Anesthesia, P.L.L.C.*, 177 Wn. App. 828, 853-54, 313 P.3d 431 (2013) (quoting *Williams v. S. Sur. Co.*, 6 Wn. App. 300, 304-05, 492 P.2d 596 (1972)). A court may dismiss a complaint that does not comply with CR 8(a) for failure to state a claim under CR 12(b)(6). *Becker*, 182 Wn. App. at 941.

The PRA "is a strongly-worded mandate for broad disclosure of public records." *Hearst Corp. v. Hoppe*, 90 Wn.2d 123, 127, 580 P.2d 246 (1978). The act "shall be liberally construed and its exemptions narrowly construed" to promote this purpose of public disclosure. RCW 42.56.030.

> The PRA provides a cause of action for two types of violations: (1) when an agency wrongfully denies an opportunity to inspect or copy a public record, or (2) when an agency has not made a reasonable estimate of the time required to respond to the request.

*Andrews v. Wash. State Patrol*, 183 Wn. App. 644, 651, 334 P.3d 94 (2014) (citing RCW 42.56.550(1), (2)).

On a request for "identifiable" public records, an agency must make the records "promptly available." RCW 42.56.080(2). Agencies must provide "the fullest assistance to inquirers and the most timely possible action on requests for information." RCW 42.56.100. "Failure to diligently respond to a request is unreasonable and amounts to a PRA violation." *C.S.A. v. Bellevue Sch. Dist.*, 32 Wn. App. 2d 544, 558, 557 P.3d 268 (2024) (citing *Cantu v. Yakima Sch. Dist. No. 7*, 23 Wn. App. 2d 57, 88, 94, 514 P.3d 661 (2022)), *review denied*, 4 Wn.3d 1019, 566 P.3d 92 (2025), *cert. denied*, ___ U.S. ___, 2025 WL 2824109.

A public records requester may seek judicial review by moving for an order requiring the agency to "show cause why it has refused to allow inspection or copying" of records or to "show that the estimate it provided is reasonable." RCW 42.56.550(1), (2). "[S]how cause hearings are the usual method of resolving litigation" under the PRA. *Wood v. Thurston County*, 117 Wn. App. 22, 27, 68 P.3d 1084 (2003). The agency bears the burden to prove that it complied with the PRA. *Cantu*, 23 Wn. App. 2d at 79.

Here, Gerlach's August 2023 complaint alleged that BISD violated the PRA by "fail[ing] to provide necessary and essential documents in a timely manner." The complaint alleged that Attorney Gerlach sought records "[f]rom March 2021 through the present," that the requested records "should have been provided more than a year ago," and that BISD's failure to do so "is effectively a final agency denial under RCW 42.56.520."

The complaint further alleged three specific instances of violations:

> In one instance, Gerlach's attorney requested BISD's investigative notes on September 17, **2019**. On December 21, **2023**, BISD finally provided the notes. BISD procrastinated more than 450 days to provide BISD's (25 page) investigative notes.
> . . . In another instance, [BISD Principal Kristen] Haizlip sent an e-mail to [BISD's Title IX[8] coordinator Erin] Murphy with the subject line: Fwd: Conversation. BISD redacted the entire e-mail because the conversation was later sent to BISD's attorney. BISD improperly claimed the "Conversation" between two BISD employees was "attorney-client privilege."
> . . . Finally, in another situation BISD's superintendent had a conversation with a school board member and later forwarded the message to the school board's attorney. BISD claimed the message between the superintendent and school board member was "attorney[-]client privilege."

---

[8] Education Amendments Act of 1972, 20 U.S.C. §§ 1681-1688.

The complaint also sought an order for BISD to "show cause why the records were not provided in a timely manner," an order for BISD "to produce the **unredacted** requested records without further delay," and for penalties and costs "applicable to BISD's failure to disclose the records in a timely manner."

Viewing the adequacy of the complaint in light of Washington's generous notice pleading standards and our obligation to consider whether "*any* set of facts could exist that would justify recovery," we are compelled to conclude that the complaint sufficiently alleges a claim for "having been denied an opportunity to [timely] inspect or copy a public record by an agency." *Hoffer v. State*, 110 Wn.2d 415, 421, 755 P.2d 781 (1988); RCW 42.56.550(1). So, Gerlach's complaint survives dismissal under CR 12(b)(6). At minimum, the complaint was sufficient to alert BISD that Gerlach's as-yet unfulfilled records requests, which had been open for more than a year, were at issue in the lawsuit.

Still, BISD argues that the complaint's failure to identify the records or class of records at issue with specificity rendered BISD unable to respond to the allegations in the complaint and prevented the establishment of a duty. BISD also points out that it gave Gerlach extensive time to identify the records at issue and she failed to do so. But BISD tacitly acknowledges in its response brief that it provided the requested investigative notes in a production of records to Gerlach, so it appears that BISD was able to identify the record at issue in that incident.[9] Further, a show cause proceeding "operates like a motion for summary judgment on the claimant's PRA claims." *West v. Gregoire*, 184 Wn. App. 164,

---

[9] The parties dispute whether BISD timely provided those records.

172, 336 P.3d 110 (2014). And " 'initial pleadings which may be unclear may be clarified during the course of summary judgment proceedings.' " *Evergreen Moneysource Mortg. Co. v. Shannon*, 167 Wn. App. 242, 257, 274 P.3d 375 (2012) (quoting *State v. Adams*, 107 Wn.2d 611, 620, 732 P.2d 149 (1987)). So, it is at least possible that Gerlach's claim might survive dismissal under the standards applicable to a show cause proceeding.

We reverse the trial court's order dismissing Gerlach's complaint under CR 12(b)(6) and denying her request for an order to show cause and remand for proceedings consistent with this opinion.

Further, our decision is limited to our determination that the complaint survives a motion to dismiss under CR 12(b)(6) given Washington's generous notice pleading standard. Because we do not reach the merits of Gerlach's PRA claims, her request for an award of attorney fees, costs, and penalties on that basis is premature.[10]

Gerlach also argues that the trial court erred in denying her request for sanctions against BISD under CR 11 and CR 26 based on allegedly false, frivolous, and misleading motions and declarations filed by BISD. We review sanction decisions for an abuse of discretion. *Wash. State Physicians Ins. Exch.*

---

[10] Gerlach asserts that BISD admitted violating the PRA by failing to fulfill all of her records requests at the time the court dismissed her complaint. But BISD denies that it violated the PRA, and no court has yet made this determination. An agency may produce records in installments if it does so "with reasonable diligence." *C.S.A.*, 32 Wn. App. 2d at 558. Whether an agency was reasonably diligent in responding to a records request is a question of fact. *Cantu*, 23 Wn. App. 2d at 93. And although Gerlach insists that she is entitled to receive unredacted records, "an agency may withhold all or part of a record if it falls within an exemption under the PRA 'or other statute which exempts or prohibits disclosure of specific information or records.' " *Gronquist v. Wash. State Dep't of Licensing*, 175 Wn. App. 729, 743, 309 P.3d 538 (2013) (quoting RCW 42.56.070(1)).

& *Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 338, 858 P.2d 1054 (1993). A trial court abuses its discretion when its order is manifestly unreasonable or based on untenable grounds. *Id.* at 339.

Gerlach fails to show that the trial court abused its discretion. The purpose of CR 11 is to encourage careful prefiling investigation of facts and the law and to deter frivolous filings. *Bryant v. Joseph Tree, Inc.*, 119 Wn.2d 210, 219, 829 P.2d 1099 (1992). And CR 26(g) authorizes sanctions for discovery abuse. *Fisons*, 122 Wn.2d at 342-43. But Gerlach chose not to designate many of BISD's filings in the appellate record, so it is largely impossible to evaluate these claims. As much as the record permits our review, BISD's filings were entirely proper in the context of the litigation.

2. Discovery Orders

Gerlach challenges several of the trial court's discovery rulings. First, she argues that the trial court erred in granting BISD's motion to quash and for a protective order. We disagree.

We review a trial court's discovery order for abuse of discretion. *T.S. v. Boy Scouts of Am.*, 157 Wn.2d 416, 423, 138 P.3d 1053 (2006). "A trial court has broad discretion under CR 26 to manage the discovery process and, if necessary, to limit the scope of discovery." *Nakata v. Blue Bird, Inc.*, 146 Wn. App. 267, 277, 191 P.3d 900 (2008). "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." CR 26(b)(1). This rule "is designed to permit a broad scope of

12

discovery." *Ollie v. Highland Sch. Dist. No. 203*, 50 Wn. App. 639, 642, 749 P.2d 757 (1988) (citing *Barfield v. Seattle*, 100 Wn.2d 878, 883, 676 P.2d 438 (1984)).

Under CR 26(b)(1), the court evaluates whether the discovery is "relevant to the subject matter involved in the pending action." The rule permits the court to limit discovery from an opposing party if the discovery sought is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive." CR 26(b)(1)(A). The trial court may not restrict discovery "in a way that prevents discovery of information relevant to the issues that may arise in a PRA lawsuit." *Neigh. All. of Spokane County v. Spokane County*, 172 Wn.2d 702, 717, 261 P.3d 119 (2011). "[T]he decision not to disclose records and the reasons behind that decision 'are precisely the subject matter of a suit brought under the [PRA].' " *Id.* at 716-17 (quoting *Progressive Animal Welfare Soc'y v. Univ. of Wash.*, 125 Wn.2d 243, 270 n.17, 884 P.2d 592 (1994)). "Relevancy in a PRA action, then, includes *why* documents were withheld, destroyed, or even lost." *Id.* at 718.

Here, the trial court granted BISD's motion to quash Gerlach's pending CR 30(b)(6) notice of deposition because the notice "does not identify Public Records violations" and "would be unreasonable, cumulative, . . . overly burdensome, and . . . not brought in good faith." BISD asserts that Gerlach was using the depositions in this case to seek information on her family's separate tort claim against BISD without necessitating the participation of the attorneys for the other defendants named on that claim. Gerlach contends that the discovery sought was relevant to BISD's bad faith motivation for wrongfully withholding

13

records. It is true that "the agency's motivation for failing to disclose or for withholding documents is relevant in a PRA action." *Neigh. All.*, 172 Wn.2d at 717. But the notice of deposition here does not identify any PRA violation or seek information about BISD's PRA response. So, its connection to the matters alleged in the complaint is tenuous at best. The trial court did not abuse its discretion in granting the motion to quash.

Gerlach also asserts that the trial court's ruling on the protective order improperly limited the scope of discovery. She cites *King v. Pratt & Whitney*, 161 F.R.D. 475, 31 Fed. R. Serv. 3d 1338 (S.D. Fla. 1995),[11] and *Detoy v. City and County of San Francisco*, 196 F.R.D. 362, 48 Fed. R. Serv. 3d 101 (N.D. Cal. 2000), for the proposition that CR 30(b)(6) cannot be used to limit what can be asked at a deposition. She further contends that the trial court's failure to consider the federal cases cited at the motion hearing resulted in a ruling that "violated federal law." But the cases she relies on do not contravene the principle that deposition questions must be relevant to the claim. *King*, 161 F.R.D. at 476 ("This Court sees no harm in allowing all *relevant* questions to be asked at a Rule 30(b)(6) deposition)[12]; *Detoy*, 196 F.R.D. at 366-67 (defendants were obligated to produce witnesses to testify to *relevant* matters).

Here, the trial court's protective order specified that "Plaintiff may notice further depositions, including under CR 30(b)(6); provided, however, that any further depositions noticed by plaintiff shall be limited to the subject of violations

---

[11] *Aff'd*, 213 F.3d 647 (11th Circ. 2000).

[12] Emphasis added.

of the [PRA] as alleged in this matter." This language broadly permits Gerlach to seek discovery on any evidence relevant to her PRA claim, and the court did not abuse its discretion in doing so.

Gerlach also challenges the trial court's order denying her motion to compel and striking the August 23, 2024 deposition pending the outcome of BISD's motion to quash. Gerlach asserts that the court lacked authority to strike the deposition sua sponte in favor of allowing BISD to file a frivolous motion to quash. But the notice of deposition and the motion to quash were scheduled for the same date and time, so the issue before the court was "what's going to happen Friday morning at nine." After confirming that no date was set for trial and that no discovery cutoff was in place, the court ruled that Gerlach would not be prejudiced by delaying the deposition to a later date, pending consideration of the motion to quash. Given that the outcome of the motion to quash would determine the scope of any future discovery, this ruling was appropriate.

3. Judicial Bias and Qualifications

Gerlach asserts that Kitsap County Superior Court Presiding Judge Jennifer Forbes should have recused herself to avoid perceived, apparent, or alleged manifest bias. Gerlach's claim is based on Judge Forbes' involvement in prior lawsuits involving Gerlach and other members of her family.

Under the appearance of fairness doctrine, judges should disqualify themselves "in a proceeding in which their impartiality might reasonably be questioned." *Sherman v. State*, 128 Wn.2d 164, 188, 905 P.2d 355 (1995); CJC 2.11(A)(1) (a judge "shall self-disqualify in any proceeding in which the judge's

impartiality . . . might reasonably be questioned," including where the judge has "a personal bias or prejudice concerning a party").

Based on the record before us, it appears that Gerlach expressed concern that the superior court was biased against her but never sought Judge Forbes' recusal.  And an appearance of fairness claim is not constitutionally based and cannot be raised for the first time on appeal.  *In re Guardianship of Cobb*, 172 Wn. App. 393, 404, 292 P.3d 772 (2012) (citing RAP 2.5(a)(3)).  But even if Gerlach had timely asserted this claim, recusal would not have been warranted because Judge Forbes did not actually enter any substantive rulings in this case.

Still, Gerlach points out that Judge Forbes assigned BISD's motion to dismiss to Judge William Houser.  But "[e]vidence of a judge's actual or potential bias must be shown before an appearance of fairness claim will succeed."  *State v. Chamberlin*, 161 Wn.2d 30, 37, 162 P.3d 389 (2007).  The mere fact that Presiding Judge Forbes assigned the case to Judge Houser does not impugn the fairness of these proceedings.  Gerlach also claims that the court acted with bias by ruling against her.  But we presume judges perform their functions without bias or prejudice.  *Jones v. Halvorson-Berg*, 69 Wn. App. 117, 127, 847 P.2d 945 (1993).  This claim lacks merit.

Gerlach also asserts that Judge Cadine Ferguson-Brown, who ruled on BISD's motion to quash and for a protective order, was not qualified to serve as a Kitsap County Superior Court judge.  This is so, she contends, because "RCW 2.60.050 mandates judges be a resident of the county [they serve] for not less than one year at the time of appointment," and Judge Ferguson-Brown is a

resident of Mason County.

RCW 2.60.050 does not exist. We presume Gerlach is relying on RCW 2.06.050(2), which provides that "[a] judge of the court shall be . . . [a] resident for not less than one year at the time of appointment or initial election in the district for which his or her position was created." But chapter 2.06 RCW applies to the Court of Appeals, not the superior courts. This claim also fails.

4. <u>Sanctions and Attorney Fees</u>

Gerlach requests attorney fees and costs on appeal under RAP 18.1(a) and RCW 42.56.550(4).[13] RAP 18.1(a) authorizes a party to request attorney fees on appeal if "applicable law grants to a party the right to recover reasonable attorney fees or expenses on review." RCW 42.56.550(4) provides for an award of "all costs, including reasonable attorney fees, incurred in connection with such legal action" to any person who "prevails against an agency in any action in the courts seeking the right to inspect or copy any public record." This includes attorney fees incurred on appeal. *Sargent v. Seattle Police Dep't*, 179 Wn.2d 376, 402, 314 P.3d 1093 (2013).

As discussed above, no determination has been made as to whether or not BISD violated the PRA. "A petitioner prevails in a PRA action when the court determines that the agency wrongfully failed to disclose the requested records or otherwise violated the PRA." *White v. Clark County*, 188 Wn. App. 622, 640, 354 P.3d 38 (2015) (citing *Spokane Rsch. & Def. Fund v. City of Spokane*, 155

---

[13] Gerlach also cites former RCW 42.17.340(4) (2005) as a basis for an award of fees. But the legislature recodified that statute as RCW 42.56.550 effective July 1, 2006. LAWS OF 2005, ch. 274, § 103.

17

Wn.2d 89, 103, 117 P.3d 1117 (2005)).  Gerlach has not prevailed on appeal, so we deny her request.

Gerlach also seeks an award of sanctions under CR 11 and RCW 4.84.185 based on BISD's allegedly frivolous pleadings and misleading declarations.  But "RCW 4.84.185 does not apply to a request for attorney fees on appeal." *Wash. Election Integrity Coal. United v. Schumacher*, 28 Wn. App. 2d 176, 205-06, 537 P.3d 1058 (2023) (citing *Hanna v. Margitan*, 193 Wn. App. 596, 614-15, 373 P.3d 300 (2016)), *review denied*, 2 Wn.3d 1025, 544 P.3d 28 (2024).  And "[a]lthough CR 11 sanctions were formerly available on appeal, they have not been since amendment of the rules in 1994 removed RAP 18.7's reference to CR 11." *Id.* at 206 (citing *Bldg. Indus. Ass'n of Wash. v. McCarthy*, 152 Wn. App. 720, 750, 218 P.3d 196 (2009)).  In any event, as discussed above, Gerlach has not shown that BISD's filings were frivolous.

We reverse the trial court's order of dismissal under CR 12(b)(6) and remand for further proceedings consistent with this opinion.

_____, ACJ

WE CONCUR:


_____          _____
Díaz, J.                                     Mann, J.


18